United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABID NASEER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-57 |
| | § | |
| MR. SHULTS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate currently incarcerated at FCI Three Rivers in Three Rivers, Texas. Petitioner filed this petition pursuant to 28 U.S.C. § 2241 on March 22, 2021 challenging a disciplinary conviction for refusing to obey an order. (D.E. 1, Pages 8-9). Respondent has filed a Motion for Summary Judgment asserting Petitioner fails to state a cognizable claim for federal habeas corpus relief because he did not lose any good time credit. (D.E. 20). Petitioner has filed a Response. (D.E. 21). For the reasons stated below, it is recommended the Court **GRANT** Respondent's Motion for Summary Judgment and **DISMISS** Petitioner's claim for habeas corpus relief.

### I.      JURISDICTION

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus

relief, regardless of petitioner's transfer or custodial change) (citations omitted). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II. DISCUSSION

Petitioner is serving a 40-year term of imprisonment for conspiracy to provide material support to a foreign terrorist organization and conspiracy to use a destructive device. (D.E. 19-1). On January 28, 2019, Petitioner refused a pat down search by a female officer citing his religious beliefs. (D.E. 19-2).[1] Petitioner's April 24, 2019 disciplinary conviction (Incident Number 3218009) resulted in a loss of 30 days of commissary privileges. (D.E. 19-2).

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 F. App'x. 458 (5th Cir. 2013). However, the Due Process Clause does not protect every adverse change in the condition of confinement. *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citations omitted). Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (A 30-day

---

[1] Petitioner may contact Chaplaincy Services staff to pursue a religious-based accommodation for same-gender pat searching when circumstances allow for any such accommodation. (D.E. 1-1, Page 9). However, Petitioner did not submit a request prior to the incident in question. (D.E. 1-1, Page 9). Further, while Petitioner submitted a Request for Administrative Remedy to the Warden's Office on February 28, 2019, a month after the incident in question, requesting to be pat searched only by male staff, he then he immediately withdrew that request on March 1, 2019. (D.E. 1-1, Page 9).

commissary and cell restriction punishment does not warrant habeas relief). As such, phone privileges, recreation limitations, adjustments to a prisoner's classification and commissary restrictions are not protected by the Due Process Clause. *Id.*; *Sandin*, 515 U.S. at 486; *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000) ("Clearly, Malchi's thirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns."); *Jacques v. Bureau of Prisons*, 632 F. App'x 225 (5th Cir. 2016) ("Nor do the temporary loss of commissary and visitation privileges support a due process claim" for relief pursuant to § 2241) (citations omitted).

Here, Petitioner's commissary sanction is a change in the condition of Petitioner's confinement which is outside the scope of 28 U.S.C. § 2241 because it is not related to the duration of his sentence. *Akbar v. Wilson*, No. 4:18-cv-139-Y, 2018 WL 5084914, *2 (N.D. Tex. Oct. 18, 2018) (Federal prisoner not entitled to relief pursuant to § 2241 when challenging a disciplinary conviction resulting in disciplinary segregation and commissary restrictions).

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 20) and **DISMISS** Petitioner's claim for habeas corpus relief.

ORDERED this 23rd day of August, 2021.

*/s/ Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).