United States District Court
Southern District of Texas
**ENTERED**
January 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABID NASEER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00057 |
| | § | |
| MR. SHULTS | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Petitioner Abid Naseer, an inmate at Federal Corrections Institution (FCI) in Three Rivers, Texas, filed a pro se and *in forma pauperis* (IFP) petition for a writ of habeas corpus under 28 U.S.C. § 2241. D.E. 1. Respondent, Warden J.W. Cox,[1] filed a motion for summary judgment, to which Naseer responded. D.E. 20, 21.

United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R), recommending that the Court grant Cox's motion and dismiss Naseer's claim for habeas corpus relief. D.E. 22. Pending before this Court are Naseer's objections to the M&R. D.E. 24. For the following reasons, the Court **OVERRULES** his objections and **ADOPTS** the Magistrate Judge's M&R in its entirety.

---

[1] The Government substituted Warden J.W. Cox, current warden of FCI Three Rivers, as the proper respondent in this action. D.E. 19, p. 3 (noting the proper respondent in a federal habeas case is the petitioner's custodian) (citing 28 U.S.C. §§ 2242, 2243; then citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)).

## BACKGROUND

Naseer challenges a disciplinary conviction he received for refusing to obey an order at the prison. D.E. 11, 17, 19-1. On January 28, 2019, Naseer refused a pat-down search by a female officer, citing his religious beliefs. D.E. 19-2. While Naseer submitted a Request for Administrative Remedy to the Warden's Office on February 28, 2019, he withdrew that request on March 1, 2019. D.E. 1-1, p. 8. Naseer's April 24, 2019 disciplinary conviction for the January incident resulted in the loss of 30 days of commissary privileges. D.E. 19-2.

Naseer's original claim and response to the motion for summary judgment requested that the Court expunge his disciplinary conviction. D.E. 1, 21. The M&R focused on Naseer's failure to demonstrate that the loss of commissary privileges implicates a liberty interest warranting habeas corpus relief. D.E. 22. In his objections, Naseer does not reiterate his earlier requests for the expungement. D.E. 24. Instead, he requests injunctive relief, "by which the [Bureau of Prisons] staff will be instructed to honor a religious based request for a pat search by a male staff ONLY, absent exigent circumstances." *Id.* at 3. He claims that the disciplinary conviction and the additional convictions that are certain to come (because he will never consent to a pat-down search performed by a woman) will accumulate and deprive him of good-time credits, violating his liberty interest. *Id.*

## LAW AND ANALYSIS

### I. Standard of Review for M&R Objections

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II.     Liberty Interests Required to Warrant Habeas Relief

Nothing in Naseer's objections shows that his disciplinary conviction violates a liberty interest that warrants habeas relief.  The M&R explains that habeas relief is not available to redress Naseer's alleged injury because lost commissary privileges are ordinary conditions of confinement that do not violate liberty interests.  D.E. 22, pp. 2–3.  Naseer has failed to show any error in that analysis.  Any complaint that an accumulation of disciplinary convictions will eventually result in a loss of a liberty interest is speculative and does not present this Court with a case or controversy that is ripe for determination.  *Luken v. Scott*, 71 F.3d 192, 193–94 (5th Cir. 1995).  The Court is not empowered to issue advisory opinions.  *Id.*  Therefore, the Court **ADOPTS** the Magistrate Judge's findings and conclusions.

## III.    Injunction Request Raised for the First Time in Objections

In his objections to the M&R, Naseer requests an injunction, not an expungement. *Compare* D.E. 1, 21 (requesting expungement of disciplinary conviction), *with* D.E. 24 (requesting injunctive relief from future female pat-down searches).  Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived.  *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g.*, *Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29,

3

2003) (per curiam). Still, a court may construe an issue raised for the first time in an M&R objection as a motion to amend and may grant the motion when justice so requires. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).[2]

If "a favorable determination would not automatically entitle [the prisoner] to accelerated release," he may not utilize a habeas corpus remedy and must instead vindicate his rights through a properly filed civil rights proceeding.[3] *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). An injunction instructing the Bureau of Prisons staff "to honor a religious based request for a pat search by a male staff ONLY" would not automatically entitle Naseer to accelerated release. *Id.*; D.E. 24, p. 3. Therefore, his requested relief is inappropriate under a habeas corpus action. Because the relief permitted in a habeas action does not include the relief Naseer seeks, allowing him to amend to request that relief would be futile. The Court **DENIES** the implied request to amend.

While the Court refuses to countenance Naseer's request for injunctive relief based on his claim that his civil rights have been violated in this action, such a request may be pursued in the form of a separate civil rights action after exhaustion of administrative remedies.

---

[2] The Court may consider Naseer's injunction request either by (1) inferring that Naseer never waived the claim because he raised it in earlier submissions to the Court (thus no waiver) or (2) construing Naseer's request in the M&R objections as a motion to amend. *Armstrong*, 951 F.2d at 630; *Riascos*, 76 F.3d at 94.

[3] The distinction between a habeas petition and a civil rights complaint is important because of the difference in filing fees required under the Prisoner Litigation Reform Act (PLRA). *See Hall v. Cain*, 216 F.3d 518, 521 (5th Cir. 2000); *e.g.*, *Robinson v. Young*, No. CIV.A. 09-0963, 2009 WL 3055316, at *2 (W.D. La. Sept. 21, 2009).

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Naseer's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Naseer's objections and **ADOPTS** the Magistrate Judge's findings and conclusions. Therefore, the Court **GRANTS** Respondent's Motion for Summary Judgment (D.E. 20) and **DISMISSES** Naseer's petition (D.E. 1).

ORDERED on January 28, 2022.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE